IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $57,890 IN UNITED STATES CURRENCY,<br><br>Defendants. | No. C 10-01829 WHA<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND VACATING HEARING** |

## INTRODUCTION

In this *in rem* forfeiture action, the United States of America moves for default judgment against defendant $55,390 in United States currency pursuant to 21 U.S.C. 881(a)(6). The government's motion follows a settlement agreement reached in July 2010 with potential claimant Jesus Guerrero in the amount of $2,500 and the entry of default as to the remaining $55,390 in defendant funds on August 25, 2010. To date, no claims or answers have been filed in this action by any claimants. No opposition has been filed to the instant motion. For the reasons set forth below, the government's motion is **GRANTED**.

## STATEMENT

On November 5, 2009, agents of the Sonoma County Narcotic Task Force sought and obtained a search warrant from Judge Dana Simmons of the Sonoma County Superior Court for four properties suspected of being involved in marijuana trafficking: (1) 5275 Hessel Road in

Sebastopol, (2) 5277 Hessel Road in Sebastopol, (3) 2853 Big Horn Street in Santa Rosa, and (4) 2752 Victoria Drive in Santa Rosa (Compl. ¶ 7). Sonoma County agents executed the warrant and found 30 marijuana plants, 32 pounds of marijuana, marijuana seeds, a semi-automatic pistol, and $6,000 in defendant currency at the two Sebastopol residences, marijuana seeds and $27,110 in defendant currency at the Big Horn Street residence, and marijuana seeds, pay-owe sheets, and $24,780 in defendant currency at the Victoria Drive residence (*id.* at ¶¶ 8–16). The currency seizures at both the Big Horn Street and Victoria Drive residences were assisted by certified narcotics-detection canines who were trained to alert agents to the presence of currency that has been in recent contact with narcotics (*id.* at ¶¶ 12–14). In total, $57,890 in defendant currency was seized from these four residences.

This *in rem* forfeiture action was commenced on April 28, 2010 (Dkt. No. 1). In its verified complaint, the government alleged that the defendant currency seized from these searches is subject to forfeiture pursuant to 21 U.S.C. 881(a)(6) as either proceeds traceable to narcotics transactions in violation of the Controlled Substances Act, 21 U.S.C. 801 *et seq.*, or as smuggled or unreported currency from Mexico pursuant to 31 U.S.C. 5317(c) and 5332(c). An arrest warrant *in rem* for the defendant currency was immediately issued by the Clerk following the filing of the complaint (Dkt. No. 2). Three potential claimants of the defendant funds have been identified by the government: (1) Jesus Guerrero, who owns the two Sebastopol properties, (2) Rosendo Garcia Guerrero, who was present at the Big Horn Street residence at the time the warrant was executed, and (3) Angelica Prado Ochoa, who was present at the Victoria Drive residence at the time the warrant was executed (Compl. ¶¶ 8, 11, 13).

The government provided direct notice and notice by publication of this action as required under the governing federal statutes and rules. Specifically, on May 3, the government sent individual notice (including service of a copy of the complaint and the arrest warrant *in rem*) to two attorneys — George Arack, Jr. and Barry Hachmyer — who told the government that they represented the three potential claimants in this action (Dkt. Nos. 3, 5). Notice was also published on an official government internet site for at least 30 consecutive days (specifically, between April 30 and May 29) as required under the FRCP Supplemental Rules for Admiralty

2

and Maritime Claims and Asset Forfeiture Actions ("FRCP Supp.") (Dkt. No. 6).  On June 1, the government provided these three potential claimants an additional 30 days (*i.e.*, until July 1) to file a verified claim in the instant action.

Prior to the expiration of the July 1 deadline, the government entered into a settlement agreement with Jesus Guerrero through his counsel, Attorney Hachmyer.  This settlement agreement was finalized in July 2010 and approved by the undersigned judge (Dkt. Nos. 8, 20).  In this settlement agreement, Mr. Guerrero agreed to the return of $2,500 in defendant currency in full satisfaction of any claims against the government relating to this forfeiture action.

While the two remaining potential claimants, Rosendo Garcia Guerrero and Angelica Prado Ochoa, filed *administrative* claims contesting the seizure of funds from the Big Horn Street and Victoria Drive residences prior to the initiation of the instant action, neither of them filed verified claims in this action.  As of the date of this order, no claims or answers have been filed by any potential claimant of the remaining $55,390 in defendant currency.  On August 10, after all deadlines to file a verified claim in this action had expired, the government moved for entry of default as to the remaining defendant funds (Dkt. No. 10).  Default was thereafter entered by the Clerk on August 25 (Dkt. No. 12).  The instant motion was filed on September 2, 2010 (Dkt. No. 13).  Counsel for both Rosendo Garcia Guerrero and Angelica Prado Ochoa were properly served with notice of the instant motion (Dkt. No. 18).  While due on September 23 under the local rules of this district, no opposition briefs have been filed.

**ANALYSIS**

After the entry of default, a court may enter default judgment pursuant to FRCP 55(b)(2).  In exercising this discretion, the United States Court of Appeals for the Ninth Circuit has stated that a court may consider the following seven factors:  (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In evaluating these seven *Eitel* factors in the context of an *in rem* forfeiture action, a district court must pay particular attention to whether the government has properly complied with the various procedural requirements and safeguards governing such actions.

### 1. PROCEDURAL COMPLIANCE WITH CIVIL FORFEITURE RULES

Any property subject to forfeiture to the United States may be seized in the manner set forth in 18 U.S.C. 981(b). *See* 21 U.S.C. 881(b). Under 18 U.S.C. 981(b)(2)(A), a seizure may be made without a warrant if "a complaint for forfeiture has been filed in the United States district court and the court issued an arrest warrant in rem pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims[.]" Under the FRCP Supp., the government must file a verified complaint that states the grounds for jurisdiction and venue, that describes the property being forfeited, that identifies the statute under which the forfeiture action is brought, and that includes sufficient factual detail to support a reasonable belief that the government will be able to meet its burden of proof at trial. FRCP Supp. G(2)(a)(f). The clerk must then issue a warrant to arrest the property if it is in the government's possession, custody, or control. FRCP Supp. G(3)(b)(i).

Here, the government properly filed a verified complaint for forfeiture in the United States District Court for the Northern District of California and the clerk immediately issued an arrest warrant *in rem* to seize the defendant currency (Dkt. Nos 1–2). In its complaint, the government properly set forth in sufficient factual detail the grounds for jurisdiction and venue, a description of the property being forfeited (and how it was discovered by Sonoma County agents and trained canines pursuant to a search warrant), and the exact federal statutes under which the forfeiture action has been brought. These facts support a reasonable belief that the government will meet its burden of proof at trial. As such, the seizure was proper under the governing rules. *See* 18 U.S.C. 981(b)(2)(A); FRCP Supp. G.

With respect to providing procedurally sufficient *notice* to potential claimants, the FRCP Supp. requires the government to publish notice of the action which, among other requirements, must state the time to file a claim and answer. FRCP Supp. G(4)(a)(ii)(B). In addition to sending *direct* notice of the pending forfeiture action to any person who reasonably appears to be a potential claimant, the government may also provide notice by publication through posting a

4

1  notice on an official government forfeiture website for at least 30 consecutive days.  FRCP Supp.
2  G(4)(a)(iv)(C), G(4)(b)(i).  As detailed herein, the government has properly complied with these
3  notice requirements by providing direct notice to the legal representatives of potential claimants
4  Jesus Guerrero,  Rosendo Garcia Guerrero, and Angelica Prado Ochoa, and publishing notice on
5  an official government forfeiture website from April 30 to May 29, 2010.

Finally, the Admiralty Local Rules of this district also govern *in rem* forfeiture actions. *See* Admir. L.R. 1-2.  Under these local rules, a party seeking a default judgment in an action *in rem* must make the following two showings: (1) notice of the action and arrest of property has been given as required by Admiralty Local Rule 6-1(a)(1) and (b)(1) and (2) no one has filed timely and responsive pleadings.  *See* Admir. L.R. 6-2(a).  As detailed herein, proper notice was given by both publication and by providing direct notice to all known potential claimants.  This notice provided all potential claimants of the defendant currency with the applicable deadlines to submit verified claims — specifically, any person or entity having an interest in the defendant currency was required to file a verified claim or statement no later than 35 days after service of the complaint or within 30 days of the last date of publication of notice.  To date, no one has appeared in this action to file a claim.  Consequently, no responsive pleadings have been filed as of the date of this order.  Default was therefore properly entered on August 25, and the entry of default judgment is now appropriate under the Admiralty Local Rules.

In sum, this order finds that the government has properly complied with all of the procedural requirements set forth by federal statute, the FRCP Supp., and the Admiralty Local Rules governing this forfeiture action.

**2.     THE *EITEL* FACTORS**

In light of the above discussion and the factual allegations set forth in the government's verified complaint (assumed true for the purposes of a default judgment motion), the *Eitel* factors weigh heavily in favor of granting the government's motion.  *First*, a denial of default judgment would prejudice the government in that it would be required to expend further time and effort in an action where no claimants have appeared.  *Second*, the government's claims have significant merit, and as previously discussed, all procedural requirements — including the filing of a

5

sufficiently pled verified complaint — have been met. *Third*, the amount of defendant currency, though not insubstantial, is not large enough to warrant denial of the motion. *Fourth*, there is no evidence that excusable neglect is to blame for the absence of any claimants. Indeed, one of the three known potential claimants has already settled with the government. *Fifth*, while administrative claims were filed by two of the potential claimants prior to the initiation of this lawsuit, these individuals — for whatever reason — chose not to file claims in this action. As such, there is no genuine dispute as to any material fact. *Sixth*, although it is always preferable to decide a case on its merits, when no party has appeared to oppose an action (as is the case here), reaching a decision on the merits is an impractical if not impossible task.

For these reasons, the *Eitel* factors strongly support granting the government's motion.

## CONCLUSION

For the foregoing reasons, the government's motion for default judgment is **GRANTED**. Since no claims, answers, or opposition briefs have been filed by the applicable deadlines, the October 14 hearing date is **VACATED**. Defendant currency in the amount of $55,390 is hereby condemned and forfeited to the United States, pursuant to 21 U.S.C. 881(a)(6). All right, title and interest in said currency is vested in the United States of America. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: October 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6